[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14991
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00002-WTH-PRL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY WANA TAYLOR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 23, 2016)


Before WILLIAM PRYOR, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Jerry Wana Taylor appeals his conviction for possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  Taylor argues the district court erred in denying his motion for a judgment of acquittal because there was a high probability the DNA evidence recovered from the firearm was contaminated.  After review,[1] we affirm.

## I. DISCUSSION

Taylor contends a reasonable juror could not conclude his guilt beyond a reasonable doubt because the responding officer did not use the proper protocol in collecting the DNA evidence and placed the firearm on Taylor's seat while unloading it, resulting in a false positive.

A court must enter a judgment of acquittal on the defendant's motion with respect to any offense "for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  Evidence is sufficient to support a conviction if a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt.  *United States v. Diaz-Boyzo*, 432 F.3d 1264, 1269 (11th Cir. 2005) (citation omitted).

The only contested issue is whether Taylor possessed the firearm, since the parties stipulated the other elements of § 922(g) are satisfied.  Possession can be

---

[1] We review the denial of a motion for acquittal *de novo*.  *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005).  Additionally, we review the sufficiency of the evidence supporting a conviction *de novo*.  *Id.*  However, all factual and credibility inferences are made in favor of the jury's verdict.  *United States v. Tampas*, 493 F.3d 1291, 1297–98 (11th Cir. 2007) (quotation omitted).

actual or constructive and proven via direct or circumstantial evidence. *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006). A defendant has constructive possession over a firearm if he "exercises ownership, dominion, or control" or "has the power and intention to exercise dominion or control" over it. *Id*. (citing *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004)).

The district court did not err in denying Taylor's motion for acquittal because there was sufficient evidence for the jury to determine Taylor knowingly possessed the firearm. At trial, the Government presented evidence Taylor's DNA profile matched DNA recovered from the firearm's hammer and trigger. The Government also presented evidence showing that, though the firearm was improperly handled, neither officer directly handled its hammer or trigger. According to Government witnesses, the hammer and trigger never made direct, physical contact with any other surface, including the passenger seat, which was dry even though Taylor had been sweating. Both the Government's and Taylor's expert witnesses agreed that such contact would have been necessary to transfer DNA to the weapon. Though Taylor's expert believed there to be a high likelihood of DNA contamination, the Government presented sufficient evidence to the contrary, and the jury was free to choose among reasonable interpretations of the evidence. *See Diaz-Boyzo*, 432 F.3d at 1269; *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015) ("The government need not rebut all reasonable

hypotheses other than guilt, and the jury may choose among the conclusions to be drawn from the evidence at trial."); *see also United States v. Vernon*, 723 F.3d 1234, 1252 (11th Cir. 2013) ("[T]he district court must accept all reasonable inferences and credibility determinations made by the jury.") (citation omitted).

## II. CONCLUSION

The Government presented sufficient evidence to support Taylor's conviction, and accordingly, we affirm the district court's denial of Taylor's motion for a judgment of acquittal.

**AFFIRMED.**